IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIA N. MAULDIN, § § Plaintiff, § § v. § § RICHARD L. SADDLER, JR., *et al.*, § § Defendants. § | Civil Action No. _____ Judge: _____ |

## NOTICE OF REMOVAL

Defendants Helmerich & Payne International Drilling Co. (hereinafter referred to as "Defendant" or "H&P IDC") and Richard L. Saddler, Jr. ("Saddler") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, hereby file this Notice of Removal to this Court of the action commenced against it in the 26th Judicial District Court of Bossier Parish, Louisiana, styled *Tia N. Mauldin v. Richard L. Saddler, Jr., et al.*; Docket No. C-166988A ("Lawsuit"). Defendants file this Notice of Removal with full reservation of any and all rights, defenses, and objections, including but not limited to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, no right of action, lack of standing, prescription, preemption, and no cause of action.  Defendants do not acknowledge any liability or agree to Plaintiff Tia Mauldin's ("Plaintiff") right to recover any damages. In support of this removal, Defendants show to the Court the following:

### I.   PLEADINGS, PROCESSES, AND ORDERS

1. On or about March 21, 2022, Plaintiff filed the Lawsuit, naming H&P IDC, Saddler, and National Union Fire Insurance Company of Pittsburgh, PA.  A certified copy of the complete

state record, including the petition and citations, is attached as **Exhibit A**, *in globo*, in accordance with 28 U.S.C. § 1446(a).

2. Service of Plaintiff's Petition for Damages ("Petition") and Citation was effectuated on H&P IDC on April 5, 2022 (*see* Notice of Service of Process on H&P IDC, attached hereto as **Exhibit B**). Defendant Saddler has not been served in this matter as of yet.

3. Accordingly, this Notice of Removal is filed within thirty (30) days of Defendants' receipt of a copy of the Citation and Plaintiff's Petition, and is timely under 28 U.S.C. § 1446(b).

## II.  DIVERSITY OF CITIZENSHIP JURISDICTION AND VENUE

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and further, the parties are a citizen of a state and a subject of a foreign state. Plaintiff's Petition states that Plaintiff is resident of the State of Louisiana. H&P IDC was, at the time of the filing of this action, and still is incorporated under the laws of the State of Delaware, having its principal place of business in the State of Oklahoma. Defendant Saddler is a resident of the State of Arkansas. Defendant National Union Fire Insurance Company of Pittsburgh, PA is incorporated under the laws of the State of Pennsylvania, having its principal place of business in the State of New York.

5. The United States District Court for the Western District of Louisiana, which is the district court for the United States for the district and division embracing the place where the action is pending (that is, Bossier Parish, Louisiana), has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. First, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff is not a citizen of the same state as any of the Defendants.

7.      Second, the amount in controversy exceeds $75,000, exclusive of costs and interest, and is therefore proper in this Court under 28 U.S.C. § 1332(a)(1).  Plaintiff has sued Defendants for "severe personal injuries, continuing physical and emotional and psychological injuries[,]" and "continual discomfort, mental anguish and distress" that have resulted in "hospital, medical and other related expenses[.]"  Ex. A, at p. 3, ¶¶ 14-15.  Plaintiff seeks to recover various categories of damages against Defendants, including: compensatory damages; actual damages; consequential damages; past and future pain and suffering; past and future mental anguish; past and future loss of the enjoyment of life; past and future economic loss, including but not limited to, past and future lost wages and lost earning capacity; and past and future medical expenses. Ex. A, at pp. 3-4, ¶¶ 14-16.  If plaintiff prevails on her claim, the potential damages in this case exceed the $75,000 jurisdictional requirement.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (even though complaint did not state specific amount, it was evident that damages were over jurisdictional amount when complaint sought recovery for property damage, medical bills, pain and suffering, and humiliation).

### III.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8.      As shown in the citations and returns of service attached, H&P IDC was served through its registered agent on April 5, 2022.  *See* Exs. A and B.  Saddler has not yet been served in this suit.  In accordance with 28 U.S.C. §§ 1441 and 1446(b), this Notice of Removal is timely, as it has been filed no more than thirty (30) days after service on H&P and within one year of the initial filing of the suit.

9.      Pursuant to 28 U.S.C. § 1446(b), Defendants H&P IDC and Saddler have joined in the removal of the Lawsuit.  *See Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002).  National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") is a nominal defendant and thus, its consent

to this removal is not required. *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'") (citation omitted). Thus, the unanimity consent requirement is satisfied.

10. Though NUFIC's consent as a nominal defendant is not required, H&P has nevertheless made good faith efforts to identify counsel or another agent for NUFIC in order to obtain consent prior to the filing of this notice. Though H&P's efforts were unsuccessful, H&P fully expects that NUFIC will consent to the removal when its counsel appears.

11. The United States District Court for the Western District of Louisiana encompasses Bossier Parish, the parish in which the Lawsuit is now pending. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on Plaintiff's counsel, and a copy of this Notice of Removal will be filed promptly with the Clerk of the District Court of Bossier Parish, Louisiana, in the 26th Judicial District.

13. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to the Lawsuit; and to effect the removal of the Lawsuit from the state court, which shall proceed no further unless and until the case is remanded.

14. Defendants hereby specifically reserve any and all rights to assert, as defenses to Plaintiff's Original Petition, all defenses permitted by Rule 12 of the Federal Rules of Civil

Procedure, as well as all other jurisdictional, procedural and venue defenses to the merits of the action, and further specifically reserves the right to amend or supplement this Notice of Removal.

Defendants respectfully request that all persons take notice that the Lawsuit presently pending in the 26th Judicial District Court of Bossier Parish, Louisiana, has been removed to the United States District Court for the Western District of Louisiana, Shreveport Division, and respectfully request that no further proceedings be had in this matter in the 26th Judicial District Court of Bossier Parish, Louisiana, and that this Court issue such other and further relief as may be just and proper.

DATED: May 5, 2022

Respectfully submitted,

*/s/ Christopher S. Mann*
Christopher S. Mann, T.A. (#26397)
cmann@joneswalker.com
Jefferson R. Tillery (#17831)
jtillery@joneswalker.com
Sara B. Kuebel (#38305)
skuebel@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave, Suite 5100
New Orleans, LA 70170
Telephone:    (504) 582-8000
Facsimile:    (504) 582-8015

**ATTORNEYS FOR DEFENDANTS HELMERICH & PAYNE INTERNATIONAL DRILLING CO. AND RICHARD L. SADDLER, JR.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the Notice of Removal was served on all counsel via overnight mail on May 5, 2022.

    Joseph A. Gregorio
    1100 Benton Road
    Bossier City, LA  71111

                                                */s/ Christopher S. Mann*
                                                Christopher S. Mann