UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIA N MAULDIN | CIVIL ACTION NO. 22-cv-1214 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| RICHARD L SADDLER, JR, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Tia Mauldin ("Plaintiff") filed this personal injury action in state court. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific facts that demonstrate complete diversity of citizenship and an amount in controversy over $75,000.

The notice of removal alleges that Plaintiff is a resident of Louisiana and that defendant Richard Saddler, Jr. is a resident of Arkansas. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). The petition filed in state court alleges that Plaintiff is domiciled in Louisiana and that Saddler is domiciled in Arkansas. Those allegations suggest that there is diversity, but a clear allegation in the notice of removal of the domicile/citizenship of the individuals will avoid any ambiguity.

The state court petition alleged that Plaintiff was injured in an automobile accident. Plaintiff alleged that she sustained "severe personal injuries" as well as "continuing

physical and emotional and psychological injuries." She alleged that she suffered from pain in the right leg, left shoulder, and lower back, but otherwise did not allege any particular facts about the nature of her injuries or related treatment. Plaintiff listed the typical categories of damages such as medical expenses, pain and suffering, mental pain and anguish, and loss of enjoyment of life, and loss of wages and earning capacity. Defendants cite only the allegations in the petition to support their contention that the amount in controversy exceeds $75,000.

Additional factual information about Plaintiff's injuries and damages is needed to ensure that the defendants have met their burden on this issue. This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. Id.

Defendants are directed to file an amended notice of removal that sets forth allegations of particular facts that show that the amount in controversy requirement is met

in this case. Relevant facts may include the nature and extent of Plaintiff's injuries, the nature and cost of any medical treatment, any pre-suit settlement demands, and the like. The amended notice should also correct the residency/domicile allegations discussed above. The deadline to file the amended notice of removal is **May 24, 2022**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of May, 2022.

Mark L. Hornsby
U.S. Magistrate Judge